UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR IVAN GARCIA-DELGADILLO, | Case No. 3:26-cv-00260-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| DARIN BALAAM, *et al.*, | |
| Respondents. | |

Petitioner filed a First Amended Petition for writ of habeas corpus on May 4, 2026. (ECF No. 9 ("FAP").) The Court ordered Respondents to file a response by May 13. (ECF No. 9.) That deadline passed and Respondents did not file a response, a motion for extension of time, or otherwise respond. On May 18, the Court ordered Respondents to explain why they missed this Court-ordered deadline and why sanctions should not be issued for this violation. (ECF No. 12.) The same day, Respondents filed a motion to extend time retroactively. (ECF No. 14 ("Motion").) While the Court finds the reasoning for Respondents' delay inadequate and the delay inherently prejudicial, the Court grants the Motion due to the minimal length of the delay and Respondents' lack of bad faith.

The Federal Rules of Civil Procedure grant the Court the discretion to, "for good cause," extend a Court-imposed deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P 6(b)(1)(B). The determination of whether certain conduct qualifies as "excusable neglect" is an equitable one, "taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993). The Court considers four factors in making this determination: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Negligence on the part of counsel may qualify as excusable neglect. *See Pioneer*, 507 U.S. at 399.

The Court finds Respondents' reason for the delay is insufficient. Respondents' counsel states they "overlooked" the deadline. (ECF No. 14 at 1, 2.) Respondents further elaborate that their neglect was the result of "a calendaring conflict which caused the deadline to be overlooked as a consequence of the vacated transfer order (ECF No. 10) affecting internal task delegation." (*Id.* at 3.) The Court finds this explanation unclear. While the Court vacated the order transferring this case from Judge Du to Judge Boulware, the Court did not vacate or modify the order setting Respondents' deadline. (ECF No. 11.) Especially considering the urgency of these petitions, the Court is not persuaded by Respondents' explanation. *See Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000) ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application"); *Preiser v. Rodriguez*, 411 U.S. 475, 495 (1973) (citing 28 U.S.C. § 2243) ("[T]he federal habeas statute provides for a swift, flexible, and summary determination of his claim." (citing 28 U.S.C. § 2243)).

Furthermore, the Court does not find Respondents' delay to be non-prejudicial. Respondents claim "Petitioner will not be significantly prejudiced" by this delay. (ECF No. 14 at 2.) Respondents cite to their lack of bad faith in seeking this extension as the basis for this conclusion. (*Id.*) But bad faith is a separate factor, distinct from prejudice. Here, the Court finds Petitioner is prejudiced by each additional moment he is unlawfully detained. *See Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)).)

Despite this, the Court concludes the minimal eight-day delay is not majorly prejudicial. Moreover, the Court finds Respondents did not delay in bad faith. There is no evidence Respondents intentionally "flout[ed the] deadline." *Pioneer*, 507 U.S at 388.

Therefore, weighing the relevant factors, the Court finds Respondents' failure to meet the Court-ordered deadline constitutes "excusable neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

It is therefore ordered that Respondents' Motion is granted. (ECF No. 14.) Respondents must file their response to the FAP by Thursday, May 21. Petitioner will then have five days to reply, in keeping with the original briefing schedule. (ECF No. 10.)

DATED THIS 20th Day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3