UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR IVAN GARCIA-DELGADILLO, | Case No. 3:26-cv-00260-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| DARIN BALAAM, *et al.*, | |
| Respondents. | |

## I.     SUMMARY

Petitioner Victor Ivan Garcia-Delgadillo, an immigration detainee challenging his ongoing federal detention, filed a counseled first amended federal habeas corpus petition under 28 U.S.C. § 2241. (ECF No. 9 ("Petition").)[1] For the reasons outlined below, the Court grants the Petition and orders Petitioner released.

## II.    RELEVANT BACKGROUND

Petitioner is a Mexican citizen who was brought to the United States over thirty years ago, when he was four years old. (ECF No. 9 at 3.) In October 2025, Petitioner was convicted of a misdemeanor DUI and sentenced to 180 days in jail. (ECF Nos. 9 at 4; 9-2 at 3-4.) On February 9, 2026, after serving his sentence, Petitioner was transferred to Immigration and Customs Enforcement ("ICE") custody. (ECF No. 9 at 4.) He did not receive an initial custody determination. (*Id.*) Petitioner requested a bond hearing. (*Id.*) On April 1, an immigration judge ("IJ") denied Petitioner's request for a change in custody because Petitioner "has not demonstrated he is not a danger to the community." (ECF No. 9-1 at 2.) Petitioner reserved his right to appeal. (*Id.* at 3.)

---

[1]Respondents filed a motion to dismiss. (ECF No. 17.) The Court construes this motion as the Court-ordered response to the Petition. (ECF Nos. 10, 15.) Petitioner replied (ECF No. 18).

Petitioner filed a *pro bono* petition for habeas corpus in this Court. (ECF No. 1.) After the Court appointed counsel, Petitioner filed an amended petition. (ECF Nos. 4, 9.) The Court set a briefing schedule, directing Respondents to file a response with various relevant documents, including the Form I-286 Initial Custody Determination. (ECF No. 10.) After Respondents did not file a response, the Court ordered Respondents to show cause why they should not be sanctioned for their failure to meet the Court-ordered deadline. (ECF No. 12.) Respondents filed a motion to retroactively extend time to file their response. (ECF No. 14.) The Court found Respondents' reasoning for the missed deadline was inadequate but still granted the motion as "excusable neglect." (ECF No. 15 at 2-3 (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000)).) Respondents filed a motion to dismiss but did not attach the requested documents, such as the Form I-286 or a Form I-862 Notice to Appear. (ECF Nos. 10, 17.)

## III.    DISCUSSION

### A. Administrative Exhaustion

Respondents argue the Petition should be denied for failure to exhaust administrative remedies with the Board of Immigration Appeals ("BIA"). (ECF No. 17 at 4.) The Court rejects Respondents' argument and waives the prudential administrative exhaustion requirement.

Respondents' motion to dismiss contains nearly identical administrative exhaustion arguments raised in another case before this court. *Compare* (*Id.* at 4-9) *with* Motion to Dismiss at 2-6, Garcia Garcia v. Blanche, Case No. 2:26-cv-01502-MMD-DJA (D. Nev. June 18, 2026), Dkt. No. 12. Because the arguments are substantially the same, the Court incorporates its reasoning here. *See Garcia Garcia v. Blanche*, Case No. 2:26-cv-01502-MMD-DJA, at *2-5 (D. Nev. July 2, 2026). As the Court previously held, administrative exhaustion under 28 U.S.C. § 2241 is prudential, not mandatory, not a mandatory claim-processing rule, and waivable. *See id.*

Various situations merit waiver of administrative exhaustion, "such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981)). The Court agrees with Petitioner that the irreparable harm exception applies here. (ECF No. 18 at 6.) The Supreme Court held that waiver of prudential administrative exhaustion is appropriate "[e]ven where the administrative decision-making schedule is otherwise reasonable and definite, [if] a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration." *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992) (citation omitted). Unlawful detention "constitutes extreme or very serious damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). The Court agrees that "[e]very additional week Mr. Garcia-Delgadillo spends in civil detention is liberty no later bond hearing can return." (ECF No. 18 at 6); *see also Doroteo-Chavez v. Noem, et al.,* No. 2:26-cv-00049-RFB-DJA, 2026 WL 1031190, at *6 (D. Nev. Apr. 16, 2026) ("[R]equiring Petitioner to remain in detention pending the BIA's decision would cause irreparable harm, which is a separate basis to waive exhaustion." (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013))).

**B. Due Process (Grounds One and Three)**

In Ground One, Petitioner argues that Respondents unconstitutionally placed the burden of proof on Petitioner to disprove dangerousness. (ECF No. 9 at 5-6.) In Ground Three, Petitioner argues Respondents unconstitutionally failed to conduct an initial pre-deprivation custody determination. (*Id.* at 7-8.) While the Court finds that Ninth Circuit precedent prevents the Court from granting the Petition on Ground One alone, the Court finds that the combination of Grounds One and Three demonstrates a violation of Petitioner's due process rights and merits granting the Petition.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit concluded that the Due Process Clause does not entitle an individual detained discretionarily under 28 U.S.C. § 1226(a)[2] to "a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." 53 F.4th 1189, 1211 (9th Cir. 2022). There, Rodriguez Diaz was similarly denied bond at a custody redetermination hearing before an IJ on grounds of dangerousness. *See id.* at 1194, 1207. The Ninth Circuit applied the *Mathews v. Eldridge* balancing test and concluded that detention under 1226(a) "provide[s] extensive procedural protections that are unavailable under other detention provisions" and therefore the Due Process Clause did not mandate the additional protection of a second bond hearing with the burden of proof on the government. *Id.* at 1202-03, 1206-10 (citing 424 U.S. 319 (1976)).

The Ninth Circuit left open the possibility of "as applied challenges to section 1226(a) procedures." *Id. at 1213.* In *Rodriguez Diaz*, the Ninth Circuit failed to identify "any individualized circumstances warranting additional procedures, or any unconstitutional failure of the § 1226(a) procedures in [Mr. Rodriguez Diaz's] case." *Id.* But here, Petitioner identifies in Ground Three that he was not afforded the full breadth of "extensive procedural protections" afforded by Section 1226(a) "and its implementing regulations" which underlay the Ninth Circuit's decision in *Rodriguez Diaz*. *Id.* at 1202. As the *Rodriguez Diaz* Court noted, "[w]hen a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination." *Id.* at 1206 (citing 8 C.F.R. § 1236.1(c)(8)). But "Mr. Garcia-Delgadillo was not given an individualized custody determination prior to ICE agents seizing him." (ECF No. 9 at 4.) As Petitioner notes, Respondents do not dispute this fact. (ECF No. 18 at 10.) Moreover, Respondents failed to file a Form I-286 Initial Custody Determination with their response, despite the Court's order. (ECF No. 10.) Accordingly, "the Court will infer that the [Form] do[es] not exist."

---

[2]Respondents admit Petitioner is detained discretionarily under 8 U.S.C. § 1226(a). (ECF No. 17 at 2-3.)

(*Id.*) Petitioner received, on his own request, a custody *re*determination hearing before an IJ. (ECF Nos. 9 at 4; 9-1 at 2.) But he did not receive the procedurally mandated custody determination before his detention, which the Ninth Circuit found partly prevented constitutionally mandating a second bond hearing with the burden shifted to the government. *See Rodriguez Diaz*, 53 F.4th at 1202, 1206, 1211.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he root requirement" of due process is "that an individual be given an opportunity for a hearing *before* he is deprived." *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971). Where physical liberty is at stake, the need for pre-deprivation process, such as the initial custody determination afforded by Section 1226(a) regulations, are particularly important. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025) ("[W]hether or not the government's existing regulations and practices provide for pre-detention bond hearings, due process requires the government to identify some interest beyond its own administrative practices to justify depriving an individual of her liberty without any pre-deprivation protections.") Generally, a lack of pre-deprivation due process is only permissible in "extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Boddie*, 401 U.S. at 379. The government has identified no extraordinary circumstances that would justify the lack of pre-deprivation process required by regulation here.

In sum, the Court finds Respondents ongoing detention of Petitioner, without an initial pre-deprivation determination required by regulation and after holding a redetermination hearing placing the burden of proof on Petitioner, violates the Due Process Clause.

///

5

## IV.    REMEDY

A district court has equitable discretion "as law and justice require" in remedying unlawful detention in habeas petitions. *Ramirez Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Recently, this District has elected to order immediate release rather than a new bond hearing, specifically in cases where Respondents violate Court orders. *See, e.g., Portillo v. Blanche*, No. 2:26-CV-01373-RFB-MDC, 2026 WL 1493876, at *6-9 (D. Nev. May 28, 2026); *Ramos-Diaz v. Blanche*, No. 2:26-CV-01206-RFB-MDC, 2026 WL 1494052, at *6-8 (D. Nev. May 28, 2026). Here, Respondents violated the Court's order setting an expedited briefing schedule in this case, failing to file a timely response to the Petition. (ECF No. 12.) While the Court ultimately found Respondents' violation constituted "excusable neglect," Respondents still neglectfully violated the Court's order and for "insufficient" reason. (ECF No. 15 at 2.) Additionally, Respondents' failure to provide an initial custody determination for Petitioner not only violates federal regulations and implicates constitutional due process, but it is also a direct violation of multiple orders from this District, including a class-wide declaratory judgement applicable to Petitioner.[3] *See Jacobo-Ramirez v. Mullin*, No. 2:25-CV-02136-RFB-MDC, 2026 WL 879799, at *31, *33 (D. Nev. Mar. 30, 2026). This District has already admonished Respondents multiple times for this violation. *See Jacobo Ramirez v. Mullin,* No. 2:25-CV-02136-RFB-MDC (D. Nev. June 1, 2026), Dkt. No. 150; *Portillo v. Blanche*, No. 2:26-CV-01373-RFB-MDC, 2026 WL 1493876, at *7 (D. Nev. May 28, 2026); *Lopez Pinto v. Mattos*, No. 2:26-CV-00974-MMD-DJA, 2026 WL 1708201, at *3 (D. Nev. June 12, 2026). "While ordering a prompt bond hearing at which the government bears the evidentiary burden by clear and convincing evidence may be an appropriate remedy in some cases, under these

---

[3]Petitioner alleges he is a class member eligible for the class-wide relief ordered in *Jacobo Ramirez v. Noem*, No. 2:25-cv-02136-RFB-MDC, 2026 WL 879799, at *33 (D. Nev. Mar. 30, 2026). (ECF No. 9 at 4-5.) As Petitioner notes, Respondents do not dispute this assertion. (ECF No. 18 at 10.) The Court agrees with Petitioner that he meets all requirements to fall within the *Jacobo Ramirez* class. See 2026 WL 879799, at *33.

circumstances the Court declines to keep Petitioner detained as doing so would offer yet another opportunity for Federal Respondents to violate this Court's orders and due process." *Portillo,* 2026 WL 1493876, at \*8. The Court therefore finds that release, "the typical remedy" for "unlawful executive detention," is the appropriate remedy here. *See Munaf v. Geren,* 553 U.S. 674, 693 (2008).

**V.      CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Petitioner relief on Grounds One and Three, it does not address the arguments regarding Ground Two.

It is therefore ordered that the Petition is granted on Grounds One and Three. (ECF No. 9.) Respondents must immediately release Petitioner no later than 5:00 PM on Thursday, July 9, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that the parties shall file a joint status report by Friday, July 10 confirming Respondents' compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 8th Day of July 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7